# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHRISTOPHER L. AMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-CV-149 (MTT) |
| | ) |
| Commissioner TYRONE OLIVER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Christopher Amerson filed this 42 U.S.C. § 1983 action and moved to proceed *in forma pauperis*. Docs. 1; 2. On preliminary review, United States Magistrate Judge Amelia G. Helmick recommended that Christopher Amerson's motion for leave to proceed *in forma pauperis* be denied and his complaint be dismissed without prejudice. Doc. 12.[1] Amerson objected (Docs. 13; 14), so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo. After review, the Court rejects the Magistrate Judge's recommendation.

## DISCUSSION

### A. Motion to Proceed *In Forma Pauperis*

Because Amerson had more than three federal cases dismissed for reasons constituting strikes, he was required to allege facts showing that he is in imminent

---

[1] The Magistrate Judge also recommended that Amerson's remaining motions (Docs. 8; 9) be denied as moot. Doc. 12 at 1. Although the Court rejects the Recommendation, Amerson's Motion to Cure Default (Doc. 8) and Motion for Extension of Filing Deadline (Doc. 9) are **DENIED as moot**.

danger of serious physical injury to proceed *in forma pauperis*. 28 U.S.C. § 1915(g). The magistrate judge concluded that Amerson did not show he was in imminent danger because he was transferred from Macon State Prison ("MSP") to Telfair State Prison ("TSP") "just a few days after he filed his complaint," which mooted any alleged imminent danger. Docs. 8 at 1; 12 at 6.

Amerson filed two objections in which he argues that the dangers he faced at MSP are still present at TSP. *Id.* at 1. Specifically, Amerson argues that Commissioner Oliver continues to mismanage GDC staff which has caused "systemic health and safety issues" at TSP. Doc. 13 at 1. He alleges that gang members who were threatening him at previous prisons have communicated with their affiliates at TSP and, as a result, he has received death threats from inmates in his dorm. *Id.* at 2. Amerson claims that when he arrived at TSP and was placed in his cell, gang members told him that "if [he] gets out of the box he is going to be killed" and that "everyone is trying to kill him." *Id.* at 1-2. He also claims that rival gang members have killed and beaten several inmates in his dorm. *Id.* at 5. Additionally, Amerson claims he is in a cell with a gang member who he believes is attempting to kill him. *Id.* at 5.

In addition to the alleged threats, Amerson claims that TSP officials continue to put his health in jeopardy. Docs. 13; 14. He alleges that TSP officials have failed to provide him with treatment for his Hepatitis B and liver issues. Doc. 13 at 7. Amerson also claims that TSP officials have contaminated his food. Doc. 14 at 2. He states that he has experienced physical effects such as shakes, numbness on the left side of his body, and lack of sleep. *Id.* Finally, Amerson alleges that he has reported his health

issues to TSP officials and requested protective custody due to the gang threats but has received no assistance.  Docs. 13 at 4; 14 at 2.

The Court has discretion to consider new facts and arguments raised for the first time in an objection.  See *Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009).  When considering whether an inmate has alleged imminent danger, the Court should view the prisoner's complaint "as a whole" and construe the allegations liberally.  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  Considering Amerson's newly raised facts and arguments, the Court finds that Amerson has adequately alleged imminent danger of serious physical injury.  See *Smith v. Dewberry*, 741 Fed. App'x 683, 687 (11th Cir. 2018); *see also O'Connor v. Backman*, 743 Fed. App'x 373, 375 (11th Cir. 2018).

Accordingly, Amerson is **ORDERED** to recast his complaint within **FOURTEEN DAYS** of the date of this order to assert the factual allegations raised in his objection.  Because Amerson's recast complaint will supersede the original, the Recommendation (Doc. 12) is **REJECTED**.  Amerson's Motion to Cure Default (Doc. 8) and Motion for Extension of Filing Deadline (Doc. 9) are **DENIED as moot.**

**B. Order to Recast**

In order to allow Amerson an opportunity to fully set forth his claims and contentions, the Court will allow him to file one recast complaint.  When doing so, Amerson must follow these instructions.

Amerson must file one amended complaint that will take the place of his previously filed complaint and any amendments or objections.  The Court will not refer to the previous complaint, amendments, or objections to determine if Amerson has

stated a claim.  This one complaint should be no longer than **TEN** pages.  Amerson must write legibly.  If the Court cannot read the complaint, it will be dismissed.  Amerson may not include exhibits with his complaint.

Amerson must list each defendant he wishes to sue in the heading of his complaint.  In the body of the complaint, Amerson must again list the name of each defendant and tell the Court **EXACTLY** what that person did or did not do that violated Amerson's constitutional or federal statutory rights and **EXACTLY** when the action or inaction occurred.  If Amerson fails to link a claim to a defendant, that claim will be dismissed.

Amerson may not join unrelated claims and defendants in a single action. Amerson may join defendants in one action if he asserts "any right to relief … against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)-(B).  "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims."  *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).  For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

-4-

When filing the complaint, Amerson should keep in mind that "[a]s a general matter, fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).  The Court has no way of identifying, much less serving process on, John Doe Defendants.  Amerson must provide the Defendants' names or, at the absolute least, provide specific descriptions that would allow the Defendants to be identified and served.

## CONCLUSION

In conclusion, the Report and Recommendation (Doc. 12) is **REJECTED**.  Accordingly, Amerson is **ORDERED** to recast his complaint to assert the factual allegations raised in his objections (Docs. 13; 14) and shall recast his complaint within **FOURTEEN DAYS** of the date of this order.  If Amerson fails to file a recast complaint or fails to follow the instructions in this Order, his action will be dismissed without prejudice.

It is **DIRECTED** that the Clerk of Court forward to Amerson a standard §1983 form with the civil action number on it along with a copy of this Order.  Amerson must notify the Court immediately of any change of address.  If he fails to do so, his action may be dismissed.

**SO ORDERED**, this 28th day of January, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT