**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER L AMERSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:24-cv-149-MTT-AGH** |
| | : | |
| **Commissioner TYRONE** | : | |
| **OLIVER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

_____

## ORDER

Pending before the Court are several motions filed by *pro se* Plaintiff Christopher L. Amerson, an inmate presently incarcerated in the Telfair State Prison in Helena, Georgia. For the following reasons, Plaintiff's motions to disqualify the United States Magistrate Judge (ECF No. 55) and to appoint counsel (ECF No. 57) are **DENIED**, and his motion to stay (ECF No. 62) is **DENIED as moot**. His motion to amend (ECF No. 64) is **TERMINATED** with leave to file a separate amended complaint that includes only his claims that Defendant Jefferies was deliberately indifferent to his serious medical needs.

## MOTION TO DISQUALIFY

Plaintiff first seeks to "disqualify," or recuse, the United States Magistrate Judge assigned to this case. The statutory basis for Plaintiff's recusal motion is unclear, but the Court presumes Plaintiff intends to seek recusal pursuant to 28 U.S.C. § 455. This statute generally provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also

enumerates certain other circumstances requiring a judge to disqualify herself. *Id.* at § 455(b)(1)-(5). Plaintiff appears to suggest that the Magistrate Judge is biased against him because he has noticed "a pattern of prejudicial conduct starting to surf[a]ce." ECF No. 55 at 1-2. This "prejudicial conduct" appears to be the Magistrate Judge's rulings in this case. *Id.* at 3-8. Plaintiff further suggests that the Magistrate Judge has engaged in "extrajudicial conduct" and may be in cahoots with officials from Georgia state courts, whom Plaintiff contends have been ignoring his recent filings. *Id.* at 9-10. Plaintiff also surmises that the Magistrate Judge may be conspiring with Georgia prison officials to interfere with his pending cases. *Id.* at 10. Plaintiff may thus be relying on either subsection (a) or (b)(1).

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion."); *McWhorter v. City of Birmingham*, 906

2

F.2d 674, 678 (11th Cir. 1990) (holding that the judge's alleged bias "must derive from something other than that which the judge learned by participating in the case").

In this case, Plaintiff neither points to specific facts showing that any sort of extrajudicial bias existed nor demonstrates that the Magistrate Judge's rulings exhibit "such a high degree of favoritism or antagonism as to make fair judgment impossible" or a bias toward Plaintiff "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555.[1] And Plaintiff similarly fails to point to any specific facts that could tend to show that the Magistrate Judge is engaged in a conspiracy with any state officials. *Cf., e.g., Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (noting that "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the" alleged conspirators to state an actionable claim for conspiracy).

28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, Plaintiff fails to establish any personal or pervasive bias on the part of the Magistrate Judge, and Plaintiff also fails to identify any specific "disputed evidentiary facts" of which the Court might have

---

[1] Even "[r]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice." *See Maret v. United States*, 332 F. Supp. 324, 326 (E.D. Mo. 1971).

3

knowledge. In short, the fact that Plaintiff disagrees with the way the Magistrate Judge ruled in this case, standing alone, cannot serve as a basis for recusal pursuant to 28 U.S.C. § 455(a) or (b)(1). Plaintiff's motion for disqualification (ECF No. 55) is therefore **DENIED.**

**MOTION FOR APPOINTED COUNSEL**

Plaintiff also moves for appointment of counsel. "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Plaintiff is an

4

experienced *pro se* litigant who has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff also states that he requires appointed counsel due to the alleged conspiracy between state and federal officials involved in his case, but as noted above, he fails to point to specific facts that could support the existence of this conspiracy. Additionally, it is still unclear at this point whether the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion for appointment of counsel (ECF No. 57) is **DENIED**.[2] Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION TO STAY

Plaintiff next requests that the Court "stay this case and all rulings to be made in the case except for rulings on the Petitioner's motion for appointment of counsel" until the Court appoints counsel or until Defendant Oliver makes a notary available to notarize

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

Plaintiff's sworn affidavits in support of his amended complaint against Macon State Prison and Defendant Jefferies.  ECF No. 62 at 1.  The Court has now denied Plaintiff's motion for appointed counsel, and Plaintiff has also already submitted notarized copies of his affidavits (ECF Nos. 64-1, 64-2).  As such, Plaintiff's motion for a stay (ECF No. 62) is **DENIED as moot.**

### MOTION TO AMEND

Plaintiff next seeks leave to file his amended complaint.  On August 4, 2025, the Magistrate Judge granted Plaintiff's motions to proceed *in forma pauperis* and directed service on Defendants McDaniel, Jefferies, Black, Pope, Troutman, Hudson, and Oliver after finding some claims against those individuals should proceed for further factual development; the Magistrate Judge recommended dismissal of Plaintiff's remaining claims (ECF No. 29).  On October 21, 2025, Defendants McDaniel, Jefferies, Black, Pope, Troutman, Hudson, and Oliver moved to dismiss Plaintiff's claims against them for failure to exhaust administrative remedies (ECF No. 45).  In response to Plaintiff's motion to dismiss, Plaintiff requested leave to amend his Complaint (ECF No. 51).  The Magistrate Judge granted Plaintiff's motion (ECF No. 52) and directed Defendants to "respond to any newly contained allegations in their reply to Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 50)."  ECF No. 52 at 1-2.  Defendants filed a reply (ECF No. 53).

In the meantime, the Court adopted the bulk of the Magistrate Judge's recommendations.  ECF No. 56 at 1.  After considering additional allegations in Plaintiff's objections, however, the Court rejected the recommendation to dismiss Plaintiff's claims that Defendant Jefferies was deliberately indifferent to Plaintiff's serious medical needs.

ECF No. 56 at 1-2.  The Court construed the additional allegations in Plaintiff's objections as a motion to amend and directed Plaintiff to file an amended complaint related solely to his medical treatment claims against Defendant Jefferies.  *Id.*  The Court also directed Defendant Jefferies to file a supplemental motion to dismiss, if necessary, within fourteen days after the date Plaintiff filed his amended complaint.  *Id.* at 2.

Plaintiff later requested an extension of time to file his amended complaint (ECF No. 58).  The Court granted Plaintiff's motion and gave him until January 29, 2026, to file his amended complaint (ECF No. 60).  The Court received a document styled as a motion to amend on February 13, 2026, approximately two weeks after the expiration of this deadline (ECF No. 64).  Defendants responded by requesting that the Court dismiss the amended complaint as untimely.  ECF No. 65 at 3.

As the parties are well-aware, under the "mailbox rule" the Court generally deems a prisoner document filed on the date the plaintiff delivers it to prison officials for mailing.  *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records," it is assumed that a document is delivered to prison authorities on the date the prisoner signed it.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In this case, Plaintiff signed his pleadings no later than January 28, 2026, but he appears to acknowledge that he did not deliver the signed documents to prison officials for mailing until February 9, 2026.  ECF No. 64-2 at 3.  Defendants contend this admission renders Plaintiff's motion untimely.  ECF No. 65 at 2-3.  Plaintiff, however, states he attempted to forward the signed documents to prison officials prior to February 9th and claims that he delivered the documents to prison officials

7

for mailing at "the first opportunity that [he] has had." ECF No. 64-2 at 3. Given these allegations, the Court cannot conclude that Plaintiff's amendment is untimely.

At the same time, Plaintiff did not submit a document clearly identified as an amended complaint, and it is not entirely clear which of his allegations pertain to his motion to amend and which allegations he wishes to include in his amended complaint. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). In addition, Plaintiff states that his motion to amend encompasses not only "new factual allegations related to his claims against defendant Jefferies," but also "additional legal claims against defendant Jefferies." ECF No. 64 at 1. Plaintiff, however, was granted leave to amend only "to address his medical needs claim against Jefferies." ECF No. 56 at 9. It also appears that at least some of the allegations in Plaintiff's motion to amend have nothing to do with Plaintiff's medical treatment claims against Defendant Jefferies and are instead focused on his efforts to prosecute other cases in other state or federal courts. *See, e.g.,* ECF No. 64-2 at 1-2.

Therefore, to ensure that Plaintiff's amended complaint is consistent with the Court's previous orders, to preserve each of his medical treatment claims against Defendant Jefferies, and to facilitate Defendant Jefferies' response to the amendment, Plaintiff's motion to amend is **TERMINATED** with leave to file an amended complaint that contains **ONLY** Plaintiff's claims that Defendant Jefferies was deliberately indifferent to Plaintiff's serious medical needs. **The amended complaint must be no longer than ten (10) pages in its entirety and must be marked with the case number for this case.** Plaintiff shall

8

have **FOURTEEN (14) DAYS** from the date of this Order to submit his amended complaint.

Plaintiff does not have to obtain notarized affidavits to submit his amended complaint. While it is true that a district court cannot generally consider unsworn declarations at the summary judgment stage, an unsworn declaration may "substitute for a sworn affidavit or sworn declaration for purposes of summary judgment" if the declarant (1) signs and dates the document, (2) subscribes the content of the documents as "true under penalty of perjury," and (3) uses "substantially the following form: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'" *Roy v. Ivy*, 53 F.4th 1338, 1347-48 (11th Cir. 2022) (quoting 28 U.S.C. § 1746(2)). Plaintiff already appears to be aware of this process. *See* ECF No. 62-1 (declaration stating that Plaintiff "states and declares under the penalty of perjury the following facts set forth herein are both true and correct to the best of his knowledge"). Thus, if Plaintiff wishes to submit unsworn testimony to support his amended complaint, he may do so by declaration in accordance with 28 U.S.C. § 1746. Any pages containing such declarations, however, are included in the ten-page limit described above.

The amended complaint will not supersede Plaintiff's existing complaint but will be construed in conjunction therewith. As was previously ordered, Defendant Jefferies may therefore supplement his pending motion to dismiss within **FOURTEEN (14) DAYS** of the date Plaintiff files his amended complaint. ECF No. 56 at 9. Defendant Jefferies will not be required to file an answer to the allegations in the amended complaint until after the

9

Court has ruled on the pending motion to dismiss, per Defendants' request.  ECF No. 65 at 4.

## CONCLUSION

Based on the foregoing, Plaintiff's motions to disqualify the United States Magistrate Judge (ECF No. 55) and to appoint counsel (ECF No. 57) are **DENIED**, and his motion to stay (ECF No. 62) is **DENIED as moot**.  Plaintiff's motion to amend (ECF No. 64) is **TERMINATED** with leave to file a separate amended complaint that includes only his claims that Defendant Jefferies was deliberately indifferent to his serious medical needs.  Defendant Jefferies may supplement the pending motion to dismiss within **FOURTEEN (14) DAYS** of the date Plaintiff files his amended complaint, but Defendant Jefferies will not be required to file an answer to the amended complaint until after the Court has ruled on the pending motion to dismiss.

**Plaintiff is reminded that the failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this case.**  Plaintiff is also reminded of his obligation to notify the Court immediately in writing of any further change of address.

**SO ORDERED**, this 8th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT